[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks a dissolution of marriage together with ancillary legal and equitable relief. The defendant filed an answer admitting the allegations of the complaint, with a counterclaim seeking the same relief.
In arriving at its determination of the issues between the parties the Court is cognizant of, and gives consideration to, the provisions of Connecticut General Statutes §§ 46b-81 and46b-82. These provisions include the length of the marriage, the causes for the breakdown, the ages, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each party, the opportunity of future acquisition of assets and income and the contribution of each party to the acquisition, preservation or appreciation in value of their estate.
The Court, of course, is not required to give equal weight to any factor but is required to make equitable awards under all the circumstances.
This judgment shall enter on the complaint and the CT Page 14369 counterclaim is dismissed as moot.
 Factual Background and Findings
The parties intermarried on August 26, 1992 at Chaplin, Connecticut. The plaintiff has resided continuously in this state for at least 12 months next preceding the date of the action. There are no minor children issue of the marriage and neither party receives support from the State of Connecticut.
The marriage has broken down irretrievably and there is no reasonable prospect for reconciliation.
The plaintiff, who had two previous marriages, had two minor children when the present marriage took place. These children lived with the parties for a time. She received $250 weekly in child support during that time.
The plaintiff is 48 years of age. She has a B.A. in Psychology (1992) and a B.S. in Physical Education (1995). She presently works part time at Manchester Community Technical College (MCTC) as a physical education instructor. Her present contract ends December 1998, but will probably be renewed. In the summer months she usually finds work with town recreation departments or summer camps. She earned approximately $16000 in 1997. She also attends Eastern Connecticut University working on a Masters Degree and she also does some part time work at Eastern Connecticut. She anticipates needing 1 1/2 to 2 years to get her M.A. which would be important in obtaining a full time teaching position.
The defendant is 55 years of age and a professor at Eastern Connecticut. He also was married previously. He has been teaching at Eastern Connecticut for about 30 years and plans to retire at the end of this school year (spring of 1999). He earned approximately $76500 in 1997.
There were multiple areas of conflict between the parties, but probably money issues led to their most bitter disagreements. The husband felt the wife was a spendthrift who failed to take advantage of her education and ultimately took far more out of the marriage then she put into it. On the other hand she claims all of her earnings and child support went to household expenses and that she had to draw out of her pre-marital assets for things she needed. Other issues involved relationships between the CT Page 14370 defendant and the wife's children which were strained. They argued over his drinking and smoking habits and as a result of the conflicts, they grew to dislike and distrust each other, ultimately becoming totally incompatible. Other facts will be discussed as necessary to the orders being entered.
Alimony:
The plaintiff is employable presently but her earning potential should be enhanced with the acquisition of a master's degree. It is appropriate for some rehabilitative alimony to be ordered. This is not a marriage of especially long duration and the plaintiff already has two degrees. The defendant shall pay periodic alimony in the amount of $100 per week for a period of 88 weeks.
Personal Property:
Each party shall retain the personal property currently in his or her possession including motor vehicles. They shall execute any documents necessary to vest exclusive title to said motor vehicles in the party in possession, and each shall hold the other harmless from any costs and liabilities associated with their respective vehicles.
Property Settlement:
The defendants' investment assets increased in value from approximately $76000 to $84000 from the date of marriage. While he earned more than the plaintiff, thus contributed more to the household expenses than the plaintiff, her earnings did not substantially decrease during that time. Essentially, she contributed her earnings to the marriage and the defendant knew both the type of job and income she had. These things did not change appreciably. She also contributed a $10000 family gift in 1993 to the family coffers. Her investment assets had a modest reduction in value over the same period (approximately $5000). It is normal in a marriage for the partners to contribute according to their ability. At present the plaintiff has approximately $58500 in investment assets and bank accounts while the defendant has approximately $84000. The Court concludes the plaintiff should receive a property settlement under the circumstances of this case, but substantially less than being requested by her. The defendant shall pay $5000 as a lump-sum property settlement within 30 days. The parties shall otherwise keep their own bank CT Page 14371 accounts, C.D.'s, IRA, and Kemper funds. They shall execute any documents necessary to assign any right title and interest on the account being retained by the other.
Pension:
The defendant has a retirement or pension plan with the State of Connecticut. The plaintiff has a TIAA/CREF plan with a present value of $3400. The defendant's retirement plan is based on 60% of his salary over his highest three years of earnings. It is estimated that when he retires he would get approximately $45000 annually. The plaintiff is seven years younger than the defendant and, with a Master's Degree, she expects to continue in the teaching profession, but at a full time level. Nonetheless, this is a marital asset which has increased in value during the course of this marriage, and the plaintiff is entitled to benefit from it. In light of all the other circumstances and other financial orders, the defendant will give a Qualified Domestic Relations Order (QDRO) to the plaintiff for an amount equal to 10% of the present value of his pension account. (The current value as shown on his financial affidavit is $80000).
Medical Insurance:
The plaintiff shall be solely responsible for her health insurance premiums which may be available to her under COBRA provisions.
Taxes:
The defendant shall be responsible for any arrearages including penalties and interest for unpaid taxes to either the United States or the State of Connecticut. In consideration of this order the Court does not order the defendant to share the 1996 tax refund with the plaintiff. (While some blame for errors in tax returns may be attributed to the plaintiff she appears to have relied on the defendant to properly prepare the returns, therefore he shall be responsible for costs associated with them.
Tuition Waivers:
The defendant will execute tuition waivers for all periods of time that the plaintiff is eligible for a tuition waiver from the State of Connecticut relating to courses taken by her. In the event that the tuition waiver is not accepted by the State of CT Page 14372 Connecticut because of late filing, the defendant shall reimburse plaintiff for all expenses incurred by her which could have been avoided if tuition waivers had been signed timely by the defendant. The defendant shall not otherwise be responsible for the plaintiff's tuition costs.
Debts:
Each party shall be responsible for the debts as shown on their individual financial affidavits.
Counsel Fees:
Each party has the ability to pay his or her own counsel fees and each party shall be responsible for his or her own counsel fees.
Other:
The plaintiff's prior name (Klucewicz) is ordered restored.
The marriage is ordered dissolved on the grounds of irretrievable breakdown.
Klaczak, J.